**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**DANNY A. GREEN,**

      **Petitioner,**

**v.**                                      **CAUSE NO. 1:08CV131-MMP/AK**

**WALTER MCNEIL,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's amended § 2254 petition. Doc. 10. Petitioner candidly acknowledges on the face of his amended petition and in his motion to hold petition in abeyance that he has matters still pending before the state court. Doc. 11.

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process").

It is clear that Petitioner has invoked available state court remedies but that he has not exhausted them, as there has been no ruling by the state court on the matters now pending before it.  Therefore, the question is whether the failure of the state court to rule constitutes "circumstances...that render such process ineffective to protect the rights of the applicant."

Having carefully considered the matter, the undersigned recommends that the instant petition be dismissed for failure to exhaust.  "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."  *Cook v. Florida Parole and Probation Commission*, 749 F.2d 678, 680 (11th Cir. 1985).

According to the amended petition, Petitioner has cases pending before several different state courts which were only filed this year.  While Petitioner's cases are undoubtedly important to him and his family, they take time to wend their way through the system, and the pendency of a few months does not even approach delay sufficient to excuse exhaustion.

In light of the foregoing, it is respectfully **RECOMMENDED:**

That Petitioner's amended petition for writ of habeas corpus, Doc. 10, be **DENIED** for failure to exhaust available state court remedies, and this cause be **DISMISSED WITHOUT PREJUDICE**;

That Petitioner's motion to hold case in abeyance, Doc. 11, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this **11th** day of December, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**