IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANNY A. GREEN,

    Petitioner,

v.                                                    CASE NO. 1:08-cv-00131-MP-AK

WALTER MCNEIL,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 23, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner's amended § 2254 petition for writ of habeas corpus, Doc. 10, be dismissed without prejudice for failure to exhaust available state court remedies. The Report also recommends that Petitioner's motion to hold this case in abeyance, Doc. 11, be denied. The Magistrate issued the Report on December 11, 2008. Petitioner has filed an objection at Doc. 25. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* those portions of the Report to which Petitioner objects. Upon consideration of the Report and the objections thereto, the Court agrees with the Magistrate that the instant petition should be dismissed without prejudice.

In his objection, Petitioner urges the Court to order a stay and abeyance until he has exhausted all available state court remedies, rather than dismiss his petition without prejudice. In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that a stay and abeyance is appropriate in certain instances where a federal habeas corpus petition contains both exhausted and unexhausted claims--i.e., where the petition is "mixed." As the Rhines case demonstrates,

Case 1:08-cv-00131-MP-AK   Document 27   Filed 01/07/09   Page 2 of 3

*Page 2 of 3*

once a petitioner exhausts some of his claims in a state habeas corpus petition and proceeds to federal court, the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is no longer tolled. <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (holding that the statute of limitations is not tolled during the pendancy of a federal petition). Therefore, by the time a federal habeas corpus petition containing both exhausted and unexhausted claims is dismissed without prejudice, it is possible that the statute of limitations would prevent the petitioner from refiling.

It was this consideration that compelled the Court to hold in <u>Rhines</u> that a stay and abeyance should be employed in cases with mixed petitions if (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277-78. In such cases, a stay and abeyance does not frustrate the purposes of the AEDPA. As Petitioner readily admits in his amended petition, however, each of the grounds raised in his petition were raised in a Rule 3.850 motion that is still pending in state court. <u>See</u> Doc. 10 at 7. Because his § 2254 petition contains only unexhausted claims, and because a stay and abeyance in this case would undermine the purposes of the AEDPA, the

Court agrees with the Magistrate that this case should be dismissed without prejudice.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 23, is ADOPTED and incorporated herein.

2. Petitioner's motion to hold this case in abeyance, Doc. 11, is DENIED.

3. Petitioner's amended § 2254 petition for writ of habeas corpus, Doc. 10, is DISMISSED without prejudice for failure to exhaust all available state court remedies.

**DONE AND ORDERED** this   *7th* day of January, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge